## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE EDUARDO SUAREZ GRANDA, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No.   2:26-cv-1615 |
| | : | |
| JOHN RIFE, *Acting Field Office Director of* | : | |
| *Enforcement and Removal Operations,* | : | |
| *Philadelphia Field Office, Immigration and* | : | |
| *Customs Enforcement*; JAMAL L. JAMISON, | : | |
| *Warden of Philadelphia Federal Detention Center,* | : | |
| Respondents. | : | |

## **O R D E R**

**AND NOW,** this 20th day of March, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Respondents' Response in Opposition, ECF No. 4;[2] the Petitioner's Reply, ECF No. 5; and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026), and *Mirdjalilov v. Fed. Det. Ctr. Phila., et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

---

[1]    Petitioner Jose Eduardo Suarez Granda, a citizen of Peru, alleges that he entered the United States on December 10, 2022, at the United States-Mexico Border. *See* Pet. ¶¶ 2, 17, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP"). *See id.* ¶ 3. He was released on parole on December 11, 2022. *See id.*, *see also* Ex. A, ECF No. 1-3. He filed an application for asylum, which is pending. *See* Pet. ¶ 3. On or about March 12, 2026, Suarez Granda was arrested by Immigration and Customs Enforcement ("ICE") while attending an ICE check-in. *See id.* ¶ 4. He is being held without bond having been set. *See id.* ¶¶ 5, 17. Suarez Granda filed the instant petition on March 12, 2026. He alleges that his detention violates: (I) the Immigration and Nationality Act ("INA"), (II) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and (III) the Fifth Amendment Due Process Clause. *See id.* ¶¶ 48-58.

[2]    On March 18, 2026, Respondents filed a Response, arguing that the Court should deny habeas relief because: (1) Suarez Granda is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Suarez Granda's detention does not violate Constitutional due process requirements. *See* ECF No. 4.

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions are only two of dozens of cases decided in this District. In a manner consistent with other recent

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1.      Petitioner Jose Eduardo Suarez Granda is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

decisions in this District, this Court found that it has jurisdiction pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion is not required, and that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections.

[4]      Suarez Granda's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Suarez Granda's claim based on due process and bond regulations. Because the Petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.

032026